UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Civil Action No.
SHAROD ELSHEIKH,

                       Plaintiff,
   -against-                               **COMPLAINT**

NOBLE CONSTRUCTION GROUP, L.L.C.,
and MIKE DOE,
                       Defendant.
-----------------------------------------------------------X

Plaintiff by his attorneys DeTOFFOL & ASSOCIATES, Attorneys at Law, complains of the defendants herein, alleging upon information and belief, as follows:

### Nature Of The Case

1. Plaintiff against the defendants pursuant to the Federal Equal Rights Under The Law 42 U.S.C. §1981 ("1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended ("Title VII"), the New York State Human Rights Law under NYS Executive Law §296 et. seq. ("NYSHRL"), the New York City Human Rights Law under NYC Administrative Code § 8-107(4) et. seq. ("NYCHRL"), and New York common law, and seeks damages to redress the injuries plaintiff has suffered as a result of being harassed and discriminated against based on race, together with retaliation and hostile work environment, and the inflictions of severe emotional distress by his employer and colleagues.

### Jurisdiction & Venue

2. Plaintiff SHAROD ELSHEIKH ("Mr. Elsheikh") is an African American male who resides in Kings County, in the City and State of New York.

3. At all times material, defendant NOBLE CONSTRUCTION GROUP, L.L.C.

1

("Employer") was and still is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

4. At all times material, defendant MIKE DOE ("Supervisor") is an adult male with a place of employment in Kings County, within the City and State of New York.

5. At all times material, defendants maintained a worksite at 41 Flatbush Avenue Brooklyn, New York 11217 ("Worksite").

6. This Court has jurisdiction pursuant to 42 U.S. Code § 1981 et. seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and supplemental jurisdiction thereto.

7. Venue is proper in this district under 28 U.S.C. §1391(b) and otherwise based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York and plaintiff was employed by defendant within the Eastern District of New York.

8. This lawsuit is timely commenced within ninety (90) days of the federal E.E.O.C. determinations to provide plaintiffs' Notices of Right to Sue.

## Background

9. Mr. Elsheikh is not a union member but obtains employment through a coalition called "Gane Services."

10. Mr. Elsheikh has worked for Defendant Employer on and off for about approximately a year at various different job sites. As with previous assignments, Mr. Elsheikh was assigned to work at the Defendant Employer's Worksite by Gane Services.

11. Plaintiff was a subcontractor for the Defendant Employer.

12. At all times material, plaintiff was an employee, independent contractor, agent, and/or servant of Defendant Employer.

13. While Mr. Elsheikh worked at this Defendant Employer Worksite he received instructions from Joe (last name unknown), the foreman of the project.

14. At the worksite, Defendant Supervisor worked for Noble Construction and he held a position superior to Joe, he was in essence the boss to Joe's boss.

## Racial Discrimination

15. On or about September 29, 2016, Mr. Elsheikh reported to worksite and was looking for Joe, the foreman, so that he could continue the 7th day of laboring duties.

16. Mr. Elsheikh had previously worked for Defendant Employer on and off at different work sites through Gane Services without incident. However, things changed for Mr. Elsheikh once he started working at the Worksite.

17. During one instance, Defendant Supervisor overheard Mr. Elsheikh asking a co-worker where the foreman was at which point he approached the two men asking Mr. Elsheikh "what the f*** are you doing, go back to work".

18. Trying to avoid any problems with Defendant Supervisor, Mr. Elsheikh responded by leaving the area and headed toward the elevator. In response, Defendant Supervisor followed Mr. Elsheikh shouting at him, "You know what, get your tools, pack your stuff and get your black-ass off this site."

19. Plaintiff said "f*** off" and tried to move away after Defendant Supervisor had followed him. However, Defendant Supervisor responded by raising his fists and punching Mr. Elsheikh in the head twice and repeatedly throughout Mr. Elsheikh's neck. Mr. Elsheikh was left dazed and confused by the assault on his person so he attempted to

regain his composure by sitting down, because he was feeling dizzy and unsteady on his feet.

20. While Mr. Elsheikh was sitting on the ground, trying to recover from the assault, he took out his cell phone to call for ambulance because he was still feeling the effects of the beating. Defendant Supervisor approached Mr. Elsheikh, who was peacefully sitting on the ground, and yelled at him "You're just a n***** looking for a come-up!"

21. Defendant Supervisor continued his racially charged violent outburst and ranting against the Plaintiff, even after the police were called and arrived on the scene, and even throughout the police's intervention at the scene to defuse the situation.

22. As detailed above, Defendants discriminated, harassed and retaliated against Mr. Elsheikh.

23. Mr. Elsheikh feared for his safety on a daily basis and dreaded going to work each day because of the harassment, discrimination, battery, assault, and retaliation.

24. The aforementioned pervasive discrimination and adverse work consequences created by Defendants was clearly an unlawful hostile work environment, and attempt to constructively discharge and retaliate against Mr. Elsheikh.

## Damages

25. Mr. Elsheikh now suffers from anxiety, despair, and mental blocks due to the constant abuse he had to endure at his place of employment. As well, Mr. Elsheikh suffers from economic loss in wages at an approximate rate of $16 per hour for his regular work week of 40 hours per week and $24 for overtime work plus nearly equal attendant benefits by his wrongful termination.

26. Plaintiff was discriminated and subjected to a hostile work environment because of Mr. Elsheikh's race by Defendant Employer, through Defendant Supervisor and/or its owners, agents, and employees, and moreover suffered retaliation by Defendants' terminating his employment for rightfully opposing such discrimination.

## COUNT 1
## FOR DISCRIMINATION & RETALIATION
## UNDER 42 U.S.C. §1981
(Against All Defendants)

27. Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

28. 42 USC Section 1981 states in relevant part as follows:

(a) Statement of equal rights: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

29. Plaintiff, as a member of the Black and/or African-American race, was discriminated against by Defendant because of his race as provided under 42 USC Section 1981 and has suffered damages as set forth herein. Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for her opposition to Defendants' unlawful employment practices.

## COUNT 2
## FOR DISCRIMINATION
## <u>UNDER TITLE VII</u>
(Against Defendant Employer)

30. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

31. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. § 1981, for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's national origin and race.

32. SEC. 2000e-2. *[Section 703]* states as follows:

   (2) Employer practices
It shall be an unlawful employment practice for an employer –
     (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
     (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

33. Defendant Employer violated the section cited herein as set forth and engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his race.

**COUNT 3**
**FOR RETALIATION**
**UNDER TITLE VII**
(Against Defendant Employer)

34. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

35. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

36. Defendant violated the section cited herein as set forth and retaliated against Plaintiff because she opposed Defendant's unlawful employment practices.

**COUNT 4**
**FOR DISCRIMINATION**
**UNDER NEW YORK STATE EXECUTIVE LAW**
(Against Defendant Employer)

37. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

38. Executive Law § 296 provides that :

"1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

39. Defendant violated the section cited herein as set forth and engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her race.

40. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

## COUNT 5
## FOR RETALIATION
## UNDER NEW YORK STATE EXECUTIVE LAW
(Against All Defendants)

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

42. New York State Executive Law §296(7) provides that it shall be an unlawful

"For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

43. Defendants violated the section cited herein as set forth and engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff s employer.

## COUNT 6
## FOR AIDING & ABETTING DISCRIMINATION
## UNDER NEW YORK STATE EXECUTIVE LAW
(Against Defendant Supervisor)

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

45. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

46. Defendant violated the section cited herein as set forth and engaged in an

unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## COUNT 7
## FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)

47. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:

"(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

49. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his race and retaliation.

## COUNT 8
## FOR RETALIATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
(Against Defendant Employer)

50. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. The New York City Administrative Code Title 8, §8-107(l)(e) provides that it shall

be unlawful discriminatory practice: "For an employer... to discharge ... or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

52. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## COUNT 9
## FOR AIDING & ABETTING DISCRIMINATION
## <u>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>
(Against Defendant Supervisor)

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

55. Defendant violated the section cited herein as set forth.

## COUNT 10
## FOR VICARIOUS DISCRIMINATION
## <u>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>
(Against Defendant Employer)

56. Plaintiff repeats, reiterates and realleges each and every allegation made in the

above paragraphs of this Complaint as if more fully set forth herein at length.

57. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by its employees, agents or independent contractors.

(a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

(b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

58. Defendant violated the section cited herein as set forth.

## COUNT 11
## FOR INTENTIONAL BATTERY & ASSAULT
(Against Defendant Supervisor)

59. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. The Defendant Supervisor wrongfully and falsely, without any warrant or other legal process and without authority of the law and without any reasonable cause, violently seized, laid hold, and struck plaintiff during work hours in the Workplace causing physical, psychological and mental injury the plaintiff without any provocation

by the plaintiff.

61. Defendant's was intentional touching of the plaintiff intending to harm or offend plaintiff, without plaintiff's consent, and caused offensive bodily contact.

62. Dfendant's conduct was intentional to place plaintiff in apprehension of imminent harm or offensive conduct, with defendant acting voluntarily with the intention to bring about that result, and/or did the act knowing with substantial certainty that the result would follow.

63. That the aforesaid intentional conduct by defendant warrants actual and punitive damage awards to plaintiff.

## COUNT 12
## FOR GROSS NEGLIGENCE WARRANTING PUNITIVE DAMAGES
(Against Defendant Supervisor)

64. That Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. That the Defendant Supervisor's acts were with actual malice, or so reckless, wanton, and willful to permit the inference of malice in that defendant had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that act(s) caused apprehension of such contact in the plaintiff, and defendant, in a hostile and/or offensive manner touched and beat the plaintiff, without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such batter in and about his head, face, neck, back, body and limbs.

66. That the aforesaid wanton, reckless and constituted gross negligence by

defendant, warranting actual and punitive damage awards to plaintiff.

## COUNT 13
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendant Supervisor)

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68. Defendant Supervisor breached a duty owed directly to the plaintiff that either endangered plaintiff's physical health and safety and/or caused plaintiff to fear for his own health and safety.

69. As a result of said conduct, plaintiff suffered and suffers from severe emotional distress.

## COUNT 14
## FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against Defendant Supervisor)

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. Defendant Supervisor breached a duty owed directly to the plaintiff that either endangered plaintiff's physical health and safety and/or caused plaintiff to fear for his own health and safety.

72. As a result of said conduct, Plaintiff suffered and suffers from severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE the plaintiff respectfully demands a judgment against the Defendants on the respective Counts, each in an amount which exceeds the jurisdiction of all lower courts and issue:

(a) An award to Plaintiffs of compensatory damages in an amount to be determined at trial for all damages including but not limited to economic damages for lost past back pay and future front pay wages and attendant benefits;

(b) An award to Plaintiffs of compensatory damages in an amount to be determined at trial for all damages including but not limited to past and future non-economic damages for humiliation, pain and suffering and emotional distress sustained;

(c) An award to Plaintiffs of the costs of this action, including their reasonable attorney's fees to the fullest extent permitted by law;

(d) An award of punitive damages in an amount to be determined at trial; and

(e) Such other and further relief as this Court deems necessary and proper.

### Jury Demand

Plaintiffs request a jury trial on all issues to be tried.

Dated: New York, New York
April 23, 2018

DeTOFFOL & ASSOCIATES, Attorneys at Law
125 Maiden Lane – Suite 5C
New York, N.Y. 10038
(212) 962-2220
Attorneys for Plaintiff