A. Michael Weber
Samantha E. Beltre
LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, New York 10022
212.583.9600
mweber@littler.com
sbeltre@littler.com

Attorneys for Defendant
Noble Construction Group, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHAROD ELSHEIKH,

                          Plaintiff,

        -against-

NOBLE CONSTRUCTION GROUP, L.L.C. and
MIKE DOE,

                        Defendants.

**Civil Action No. 18-CV-02465 (PKC/JO)**

**ANSWER TO COMPLAINT**

---

Defendant Noble Construction Group, LLC ("Defendant Noble"), by and through its attorneys, Littler Mendelson, P.C., hereby answers the complaint filed by Plaintiff Sharod Elsheikh ("Complaint") in this action as follows:

1.      Admits that Plaintiff complains pursuant to the 42 U.S.C. Section 1981, Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, the New York City Human Rights Law, and New York common law, but denies that Defendant Noble violated any of these statutes and denies that Plaintiff is entitled to any relief of any kind whatsoever.

2.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.     Admits that allegations set forth in Paragraph 3 of the Complaint that Defendant Noble is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York but denies the allegations to the extent they refer to Defendant Noble as "Employer" and affirmatively states that Defendant Noble was not Plaintiff's employer.

4.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.     Denies the allegations set forth in Paragraph 5 of the Complaint except affirmatively state that Defendant Noble maintained a worksite at 41 Flatbush Avenue, Brooklyn, New York (the "Worksite") during the relevant time period.

6.     Paragraph 6 of the Complaint sets forth conclusions of law, to which no response is required.

7.     The allegations set forth in Paragraph 7 of the Complaint concerning venue state conclusions of law, to which no response is required.  Defendant Noble denies the remaining allegation set forth in Paragraph 7 of the Complaint that Plaintiff was employed by Defendant Noble.

8.     Denies the allegations set forth in Paragraph 8 of the Complaint except respectfully refers the Court to the Notice of Right to Sue, which document speaks for itself.

9.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint that Plaintiff worked at different jobsites of Defendant Noble "on and off for about a approximately a year," except denies that Defendant Noble was Plaintiff's employer and admits that in September 2016,

Plaintiff was assigned by his employer, Gane Services, to perform work as laborer at Defendant Noble's Worksite.

11.     Denies the allegations set forth in Paragraph 11 of the Complaint except affirmatively states that Plaintiff was employed by Gane Services, which was the subcontractor for Defendant Noble.

12.     Denies the allegations set forth in Paragraph 12 of the Complaint except affirmatively states that Plaintiff was employed by Gane Services, which was the subcontractor for Defendant Noble.

13.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint except state that Defendant Noble's labor foreman at the Worksite directed laborers.

14.     Denies the allegations set forth in Paragraph 14 of the Complaint, except admits that Defendant Supervisor worked for Defendant Noble.

15.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint except affirmatively states that according to time sheets from Gane Services, Plaintiff was present at Defendant Noble's Worksite on September 29, 2016, his sixth day at the Worksite.

16.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint except denies the

allegations that Defendant Supervisor shouted "You know what, get your tools, pack your stuff and get your black-ass off this site."

19.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint except denies the allegations that Defendant Supervisor raised his fists and punched Plaintiff in the head and/or neck, or otherwise assaulted Plaintiff.

20.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint except denies that Defendant Supervisor assaulted Plaintiff and denies that Defendant Supervisor "yelled at him 'You're just a n***** looking for a come-up!'"

21.     Denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint that Plaintiff "feared for his safety on a daily basis and dreaded going to work" and denies the remaining allegations set forth in Paragraph 23 of the Complaint.

24.     Denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Repeats each and every allegation contained in Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28.     Paragraph 28 of the Complaint sets forth conclusions of law, to which no response is required.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint.

30.    Repeats each and every allegation contained in Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.    Paragraph 31 of the Complaint sets forth conclusions of law, to which no response is required. To the extent a response is required, Defendant Noble denies the allegations.

32.    Paragraph 32 of the Complaint sets forth conclusions of law, to which no response is required.

33.    Denies the allegations set forth in Paragraph 33 of the Complaint.

34.    Repeats each and every allegation contained in Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.    Paragraph 35 of the Complaint sets forth conclusions of law, to which no response is required.

36.    Denies the allegations set forth in Paragraph 36 of the Complaint.

37.    Repeats each and every allegation contained in Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.    Paragraph 38 of the Complaint sets forth conclusions of law, to which no response is required.

39.    Denies the allegations set forth in Paragraph 39 of the Complaint.

40.    Admits that Plaintiff complains pursuant to the New York Executive Law but denies that Defendant violated any statute.

41.    Repeats each and every allegation contained in Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42.    Paragraph 42 of the Complaint sets forth conclusions of law, to which no response is required.

43.     Denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Repeats each and every allegation contained in Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

45.     Paragraph 45 of the Complaint sets forth conclusions of law, to which no response is required.

46.     The allegations set forth in Paragraph 46 are not directed at Defendant Noble and, as a result, no response is required.  To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Repeats each and every allegation contained in Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.     Paragraph 48 of the Complaint sets forth conclusions of law, to which no response is required.

49.     Denies the allegations set forth in Paragraph 49 of the Complaint.

50.     Repeats each and every allegation contained in Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.     Paragraph 51 of the Complaint sets forth conclusions of law, to which no response is required.

52.     Denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Repeats each and every allegation contained in Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.     Paragraph 54 of the Complaint sets forth conclusions of law, to which no response is required.

55.     The allegations set forth in Paragraph 55 are not directed at Defendant Noble and, as a result, no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Repeats each and every allegation contained in Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     Paragraph 57 of the Complaint sets forth conclusions of law, to which no response is required.

58.     Denies the allegations set forth in Paragraph 58 of the Complaint.

59.     Repeats each and every allegation contained in Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

60.     The allegations set forth in Paragraph 60 are not directed at Defendant Noble and, as a result, no response is required.  To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 60 of the Complaint.

61.     The allegations set forth in Paragraph 61 are not directed at Defendant Noble and, as a result, no response is required.  To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 61 of the Complaint.

62.     The allegations set forth in Paragraph 62 are not directed at Defendant Noble and, as a result, no response is required.  To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 62 of the Complaint.

63.     The allegations set forth in Paragraph 63 are not directed at Defendant Noble and, as a result, no response is required.  To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Repeats each and every allegation contained in Paragraphs 1 through 64 of the Complaint as if fully set forth herein.

65. The allegations set forth in Paragraph 65 are not directed at Defendant Noble and, as a result, no response is required. To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 65 of the Complaint.

66. The allegations set forth in Paragraph 66 are not directed at Defendant Noble and, as a result, no response is required. To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 66 of the Complaint.

67. Repeats each and every allegation contained in Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. The allegations set forth in Paragraph 68 are not directed at Defendant Noble and, as a result, no response is required. To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 68 of the Complaint.

69. The allegations set forth in Paragraph 69 are not directed at Defendant Noble and, as a result, no response is required. To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 69 of the Complaint.

70. Repeats each and every allegation contained in Paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71. The allegations set forth in Paragraph 71 are not directed at Defendant Noble and, as a result, no response is required. To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 71 of the Complaint.

72. The allegations set forth in Paragraph 72 are not directed at Defendant Noble and, as a result, no response is required. To the extent a response is required, Defendant Noble denies the allegations set forth in Paragraph 72 of the Complaint.

73. Answering the "Prayer for Relief" clause, denies that Plaintiff is entitled to any relief of any kind whatsoever.

74.     Admits that the Plaintiff demands a trial by jury.

## DEFENSES

Defendant asserts the following defenses and/or affirmative defenses, without intending to assume any burden of proof it does not have as matter of law.

### AS AND FOR A FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

Plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964 are time-barred, in whole or in part, by the applicable statute of limitations to the extent Plaintiff failed to timely file a charge with the Equal Employment Opportunity Commission within 300 days of the alleged discrimination and retaliation.

### AS AND FOR A THIRD DEFENSE

Plaintiff fails to state a claim for relief pursuant to Title VII of the Civil Rights Act, New York State Human Rights Law, and New York City Human Rights Law because Plaintiff was not employed by Defendant Noble.

### AS AND FOR A FOURTH DEFENSE

Plaintiff claims pursuant to the New York City Human Rights Law are barred to the extent Plaintiff failed to provide notice to the New York City Commission on Human Rights pursuant to Section 8-502(c) of the New York City Human Rights Law.

### AS AND FOR A FIFTH DEFENSE

Plaintiff's claims for intentional torts are barred by the applicable statute of limitations.

**AS AND FOR A SIXTH DEFENSE**

Plaintiff's claims for negligence and any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's alleged employment, including any claims for recovery of medical costs or expenses allegedly incurred with any of them, are barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

**AS AND FOR A SEVENTH DEFENSE**

Plaintiff's claims of retaliation fail as a matter of law because Plaintiff cannot establish that he engaged in protected activity or that any protected activity was the cause of any adverse employment action.

**AS AND FOR AN EIGHTH DEFENSE**

Defendant Noble established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory or retaliatory practices by employees and agents.

**AS AND FOR A NINTH DEFENSE**

If, and to the extent that, a determination of liability against Defendant Noble under the New York City Human Rights Law is based on an unlawful discriminatory practice committed by an employee, Defendant Noble is not liable for punitive damages because Defendant Noble established and complied with polices, programs and procedures for the prevention and detection of unlawful discriminatory practices within the meaning of New York City Human Rights Law § 8-107 (13)(d).

**AS AND FOR A TENTH DEFENSE**

If, and to the extent that, there is a determination of liability against Defendant Supervisor, Defendant Noble cannot be liable because the alleged acts complained of were outside the scope of Defendant Supervisor's employment.

## AS AND FOR AN ELEVENTH DEFENSE

Upon information and belief, Plaintiff has no damages, or, alternatively, has failed to mitigate his damages.

## AS AND FOR A TWELTH DEFENSE

Plaintiff has failed to name or join an indispensable party to this present action, his employer Gane Services.

Defendant Noble reserves the right to assert additional defenses based upon information obtained during discovery.

**WHEREFORE**, Defendant Noble Construction Group, LLC demands that the Complaint be dismissed in its entirety, with prejudice, and that defendant be awarded its costs, disbursements and reasonable attorneys' fees and such other and further relief as is just and proper.

Date:  June 1, 2018
New York, New York

/s/ Samantha Beltre
A. Michael Weber
Samantha E. Beltre
LITTLER MENDELSON
  A Professional Corporation
900 Third Avenue
New York, New York 10022.3298
212.583.9600

Attorneys for Defendant
Noble Construction Group, LLC

- 11 -